UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE:

KEVIN TUCKER,                                  CASE NO. 25-10739-JCO

    Debtor.                                     Chapter 7

_____

BAY ENTERPRISES INC. DBA
BAY CONCRETE,

    Plaintiff,

v.                                                ADV. PROC. NO. 25-1022

KEVIN TUCKER,

    Defendants.

## **MEMORANDUM ORDER AND OPINION**

This matter came before the Court for hearing on the Debtor's Motion to Dismiss the above-styled adversary proceeding and the Response, as amended. (AP docs. 10, 20).[1] Proper notice of hearing was given and appearances were noted by Attorney Alexandra Garrett as counsel for the Debtor and Attorney David Hannon as counsel for Bay Enterprises Inc., DBA Bay Concrete. Upon consideration of the record, the pleadings, and the statements of counsel at the hearing the Court finds that the Debtor's Motion to Dismiss the Adversary is due to be GRANTED for the reasons below.

---

[1] References to "AP doc(s)" refer to the ECF docket numbers in the above-styled Adversary Proceeding and references to "BK doc(s)" refer to the ECF docket numbers in the above-styled chapter 7 proceeding.

1

## JURISDICTION

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§1334 and 157, and the Order of Reference by the District Court dated August 25, 2015. This is a core proceeding under 28 U.S.C. §157 (b)(2)(I).

## FACTS

The Debtor, Kevin Tucker ("Tucker"), filed the above-referenced Chapter 7 bankruptcy on March 18, 2025. On June 12, 2025, Bay Enterprises Inc. dba Bay Concrete ("Bay Concrete"), filed its Adversary Complaint seeking to deny dischargeability of an obligation owed to it in the amount of $106,131.07 under §11 U.S.C. 523(a)(2), §523(a)(4),and §523(a)(6). (AP doc. 4). The Complaint alleges that: (1) Tucker obtained credit from Bay Concrete for goods and materials; (2) such goods and materials were used by Tucker operating as Eagle Contractors, LLC on projects for Ducky Recovery, LLC ("Ducky") and Baumgardner House Raising, LLC ("BHL"); (3) Tucker received payment from Ducky and BHL for the work performed and materials provided; (4) Tucker executed and delivered lien releases to Ducky and BHL stating that such payments were for the purpose of paying all lawful claims for labor, materials, and equipment in connection with the work performed; and (5) Tucker did not pay Bay Concrete for the materials. (*Id.*). Bay Concrete's Proof of Claim states that it is based on " materials/good provided: promissory note" and the attachments reflect that the debt arose from Tucker's July 1, 2020 Application for Credit on behalf of Eagle Concrete Services which he personally guaranteed. (S.D. Ala. BK Case no. 25-10739, ECF Claim No. 23-1).

Tucker moved to Dismiss the Adversary for failure to state a claim. (AP doc. 10). The Plaintiff's Amended Response to the Debtor's Motion to Dismiss essentially conceded by acknowledging "the rationale contained in the Debtor's Motion" as to §523(a)(2)(A), §523(a)(2)(B), §523(a)(4), and §523(a)(6). (AP doc. 20; Hrg. Tr. Oct. 28, 2025).[2] Nonetheless, to the extent there is any lingering assertion under 11 U.S.C. §523(a)(4), that the Debtor's delivery of lien waivers to Ducky and BHL constituted fraud or defalcation while acting in a fiduciary capacity, the Court provides the following brief analysis for the benefit of the parties.

ANALYSIS

To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). When considering a motion to dismiss under Rule 12(b)(6), courts accept well-pleaded allegations as true and liberally construe the complaint in favor of the plaintiff. Plausibility requires that the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012*.

The Bankruptcy Code excludes debts obtained by fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny from discharge. *11 U.S.C. §523(a)(4)*. A creditor seeking to hold a debt non-dischargeable due to fiduciary defalcation must prove that: (1) the debtor stood in a fiduciary relationship with the creditor; (2) the fiduciary relationship existed

---

[2] This Court appreciates Plaintiff's Counsel's candor in the Plaintiff's Amended Response to the Debtor's Motion to Dismiss. (Doc. 20).

before the creation of the debt; and (3) the debt resulted from an act of defalcation." *In re Nelms*, 2014 WL 3700511, (Bankr.M.D.Ala. Jul. 24, 2014). The term "fiduciary" is narrowly construed under section 523(a)(4). *Quaif v. Johnson*, 4 F.3d 950, 953 (11th Cir. 1993) (citing *Davis v. Aetna Acceptance* Co., 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393 (1934) ); see also *In re Blaszak*, 397 F.3d 386, 391 (6th Cir. 2005) (noting the term "fiduciary capacity" is construed more narrowly in the context of section 523(a)(4) than in other circumstances).

As this Court has noted previously, "fiduciary" under §523(a)(4) requires the existence of an express or technical trust. *In re Roberts*, 594 B.R. 484 (Bankr. N.D. Fla. 2018). An express or technical trust only arises when there is: (1) a segregated trust res; (2) an identifiable beneficiary; and (3) affirmative trust duties established by contract or statute. *Id.* at 493, 494 (citing *In re Kanewske*, 2017 WL 4381282 (Bankr. M.D. Fla. Sept. 29, 2017); *Quaif v. Johnson*, 4 F.3d 950, 953 (11th Cir. 1993). In addition, such trust relationship must arise before the act which created the debt. *Id.* at 494 (citing *In re Fernandez-Rocha*, 451 F.3d 813, 816 (11th Cir. 2006).

Here even when the facts are accepted as true and construed most favorably to the Plaintiff, the Adversary Complaint fails to state a claim upon which relief can be granted as the allegations do not support a plausible claim under §523(a)(4). The record reflects that the debt owed by Tucker to the Plaintiff arose from an extension of credit. Even Bay Concrete's Proof of Claim characterizes the transaction as a promissory note. Nothing in the record suggests that the relationship between Tucker and Bay Concrete was ever more than that of a debtor and creditor. There is no allegation of the existence of any written or technical trust and no inference can be drawn that the parties ever intended for Tucker to serve in any fiduciary capacity for Plaintiff.

4

Even if Tucker's delivery of lien waivers to Ducky and BHL somehow created a constructive trust,[3] Plaintiff's non-dischargeability claims "for fraud or defalcation while acting in a fiduciary capacity" would still not be plausible under §523(a)(4) because there is no indication of any express or technical trust.  Additionally, any purported trust relationship would not have existed before the creation of the debt as there is no dispute that the debt arose well before the lien waivers. Further, the lien waivers were delivered to and for the benefit of Ducky and BHL, not the Plaintiff. Hence, there is no information from which the Court could reasonably conclude that the transaction between Tucker and Bay Concrete was anything more than an extension of credit.  Although Tucker may have defaulted on his obligation to repay the debt, as this Court has noted in multiple matters, a breach of contract claim without more does not give rise to a non-dischargeability claim. *In re Cain*, No. 24-10996-JCO, 2025 WL 1871039, at 10 (Bankr. S.D. Ala. July 7, 2025; *In re Roberts* at 495.

CONCLUSION

Based on the above, the Court finds that the Adversary Complaint fails to state a plausible non-dischargeability claim against the Debtor and the Debtor's Motion to Dismiss is due to be GRANTED. Accordingly, it is hereby ORDERED, ADJUDGED, AND DECREED that the above-styled Adversary Proceeding is DISMISSED with prejudice.  The Clerk of Court is directed to

---

[3] This presumption is for purposes of the analysis only and should not be construed as a finding of the Court.

5

Case 25-01022    Doc 23    Filed 12/05/25    Entered 12/05/25 10:55:47    Desc Main
Document    Page 5 of 6

serve a copy of this Order on the Debtor, Debtor's Counsel, Plaintiff, Plaintiff's Counsel, the Trustee, and the Bankruptcy Administrator.

Dated: December 5, 2025

/s/ Jerry Oldshue
JERRY OLDSHUE
CHIEF U.S. BANKRUPTCY JUDGE